RECEIVED
USDC CLERK, CHARLESTON, S.

2006 MAR 15 ⌐ 57

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Little, 273121, | C. A. No. 2:05-2065-CMC-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Colie L. Rushton, Warden, MCCI, | |
| Respondents. | |

This habeas corpus petition under 28 U.S.C. § 2254 filed July 27, 2005, by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's summary judgment motion filed on October 19, 2005. 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The petitioner, Robert Little, is presently confined to McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Lancaster County. At the December 1999 term, the Lancaster County Grand Jury indicted petitioner for 1st degree criminal sexual conduct with a minor ("CSC 1st") (99-GS-22-0718). (PCR Appendix p. 388).

Petitioner was tried before the Honorable Lee S. Alford and a jury from February 26 to 28, 2001. Attorney William Glenn Rogers, Jr., represented the petitioner at trial. The jury found the petitioner guilty as charged, and Judge Alford

1

sentenced the petitioner to twenty (20) years in prison. (PCR Appendix pp. 353; 389).

Rogers timely filed and served a notice of appeal on March 8, 2001. However, the transcript was not ordered in a timely manner, and the South Carolina Court of Appeals dismissed the appeal for that reason by Order dated June 5, 2001. Rogers filed a Motion to Reinstate Appeal dated June 19, 2001, but the Remittitur was issued by the court of appeals on June 21, 2001. On June 22, 2001, the deputy clerk of the state court of appeals wrote Rogers advising him that his motion to reinstate was not considered because it did not arrive at the court of appeals within the allowed time period. Petitioner himself did not file a direct appeal from his conviction and sentence.

Petitioner did file an Application for Post-Conviction Relief ("APCR") on March 26, 2002, 00-CP-42-2799, in which he raised the following claims:

    (1) Denial of Direct Appeal.

    (2) Ineffective assistance of trial counsel.

    (3) Subject Matter Jurisdiction.

(PCR Appendix p. 355). The State filed a Return and Motion to Dismiss dated February 11, 2003, in which it argued that any issues except the claim that trial counsel failed to properly perfect a direct appeal was time barred. (PCR Appendix p. 367).

A hearing in the APCR was held before the Honorable Kenneth G. Goode on June 3, 2003, at which Petitioner was present and represented by his appointed counsel George Speedy. Petitioner called trial counsel Rogers to testify. (PCR Appendix 386). On December 4, 2003, Judge Goode issued an Order in which he ruled solely that petitioner was entitled to a belated direct appeal. (PCR Appendix p. 386).

A timely notice of appeal was filed with the state supreme court from Judge Goode's decision. Tara Taggart, of the South Carolina Office of Appellate Defense, was appointed to represent the petitioner on appeal. Taggart filed a Petition for Writ of Certiorari dated August 24, 2004, in which she raised the following issue on behalf of Petitioner:

> Whether the post-conviction judge correctly held petitioner had not knowingly and voluntarily waived his right to appeal.

Taggart also filed an <u>Anders</u> Brief of Appellant in which she raised the following issue:

> Whether the trial court erred in admitting evidence of a prior bad act under <u>State v. Lyle</u>?

Petitioner filed a <u>pro se</u> Petition for Writ of Certiorari, in which he raised the following issues:

> "(1) Did the Court <u>Lack Subject Matter Jurisdiction</u> over the Amended Indictment?
>
> (2) Did the Court erred in not holding that a proper medical exam was not performed on the victim?

3

> (3) Did the Court erred in not holding that the (1997) arrest warrant and subsequent charge was defective in violation of the Defendant's right to be charged properly?"

On October 4, 2004, Petitioner filed a pro se "Appendix", as well as a pro se "Supplement to Petition for Writ of Certiorari", in which he raised the following issues:

> "Did the Trial Court Lack Subject Matter Jurisdiction to convict and sentence Appellant through a Defective and Insufficient Indictment for criminal sexual conduct in the first degree with a minor?
>
> Did the Trial Court Lack Subject Matter Jurisdiction to convict and sentence Appellant to an offense that is not a lesser-Included offense?"

On April 25, 2005, the South Carolina Supreme Court issued an opinion which granted certiorari only on the PCR judge's decision to allow a belated appeal. The court then reviewed the Anders brief and the petitioner's pro se filings for direct appeal issues, and finding none of arguable merit, dismissed the appeal. Little v. State, Memo. Op. No. 05-MO-014 (S.C. April 25, 2005). The Remittitur was sent down on May 12, 2005.

The following exhibits have been made part of the file in the instant petition:

> (1) Appendix, containing: Trial Transcript; APCR; Return and Motion to Dismiss; PCR Hearing Transcript; Order of Dismissal; Clerk of Court Records; and SCDC Records;
>
> (2) Copies of Indictments;
>
> (3) Notice of Appeal, dated March 8, 2001;

4

(4) Order of Dismissal, dated June 5, 2001;

(5) Motion to Reinstate Appeal, dated June 19, 2001;

(6) Remittitur, dated June 21, 2001;

(7) Letter returning Motion to Reinstate Appeal, dated June 22, 2001;

(8) APCR first page showing filing information;

(9) Petition for Writ of Certiorari, dated August 24, 2004;

(10) <u>Anders</u> Brief of Appellant, dated August 24, 2004;

(11) Letter Return, dated August 30, 2004;

(12) <u>Pro se</u> Petition for Writ of Certiorari, dated January 8, 2004;

(13) <u>Pro se</u> Supplement to Petition for Writ of Certiorari and Appendix, dated October 4, 2004;

(14) S.C. S.Ct. Memo. Op. No. 2005-MO-014, filed April 25, 2005; and

(15) Remittitur, dated May 12, 2005.

The petitioner was provided a copy of the respondent's summary judgment motion on October 20, 2005, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner opposed the motion on October 28, 2005. Hence it appears consideration of the motion is appropriate.

## **GROUNDS FOR RELIEF**

In his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, the petitioner raised the following challenges to his conviction:

> "Ground One: Trial Counsel was ineffective for failure to file direct appeal from conviction and sentence. Petitioner was incarcerated after his conviction on February 28, 2001, and was unable to obtain or execute documents necessary to file notice of intent to appeal.
>
> Ground Two: Trial Court erred in admitting evidence of prior bad act. Trial Court allowed Solicitor to introduce evidence of prior bad acts of lewd act with minor under sixteen of April 7, 1997 to attack character and credibility of the petitioner in order to build case in this matter.
>
> Ground Three: Trial Court lacked subject matter jurisdiction to convict and sentence petitioner. The arrest warrant (No. G-238006) reads: On or about April 1997" because jury could not find that the offense occurred "on or about April 1997" the court allowed Solicitor to amend indictment to read 'between February and April 4, 1997' thus changing the nature and seriousness of the offense.
>
> Ground Four: Trial court lacked subject matter jurisdiction to convict and sentence petitioner to offense not lesser-included. Petitioner originally arrested and charged with lewd act on April 7, 1997. Grand Jury returned true bill indictment on November 13, 1997 for CSC W/M 1st Degree. CSC charge was nolo pros on February 26, 1998 and allowed to enter Alford plea to lewd act charge despite charge not lesser included.

## **STANDARD OF REVIEW**

The present habeas corpus petition has a delivery date of July 7, 2005. Accordingly, the provisions of the Antiterrorism

6

and Effective Death Penalty Act ("AEDPA") apply to this case. <u>Lindh v. Murphy</u>, 117 S.Ct. 2059 (1997). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

The first requirement has been explained by the United States Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000)(plurality opinion). Writing for a plurality of the Court, Justice O'Connor held that,

> ... § 2254(d)(1) places a new constraint on the power of a federal habeas corpus court to grant a state habeas petitioner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1) the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) 'was contrary to. . . clearly established federal law as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law as determined by the Supreme Court of the United States.'

<u>Id.</u> at 1523 (O'Connor, J., concurring in judgment).

With respect to the "unreasonable application" clause, Justice O'Connor further explained that "a federal habeas court

7

may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522.

In sum, the AEDPA amendments exalt the role that a state court's decision plays in a habeas decision by specifically directing the federal court to make the state court decision the starting point of federal review; only if that decision deviates from the paradigm recited in § 2254(d) can a habeas court grant relief. A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.

In this case, the South Carolina Supreme Court did not articulate the rationale underlying its rejection of Petitioner's claims. This court may not "presume that [the] summary order is indicative of a cursory or haphazard review of [the] petitioner's claims." Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Rather, the state court decision is no less an "adjudication" of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1). See, id. at 156-57. In such cases, the court conducts an independent examination of the record and the clearly established Supreme Court law, see, Bacon

8

v. Lee, 225 F.3d 470, 478 (4th Cir. 2000), Baker v. Corcoran, 220 F.3d 276, 291-92 n. 14 (4th Cir. 2000), but the court must still "confine [its] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Bacon, 225 F.3d at 478 (quoting 28 U.S.C. § 2254(d)(1)).

## DISCUSSION

A review of the record and relevant case law reveals the Petitioner is not entitled to habeas relief.

Petitioner's first ground for relief is "Trial counsel was ineffective for failure to file direct appeal from conviction and sentence." To carry his burden to prove his counsel was constitutionally ineffective, Petitioner must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, Petitioner cannot show prejudice from his attorney's failure since the PCR court granted Petitioner a belated direct appeal, and the state supreme court ultimately heard that appeal.

Petitioner's second ground for relief is, "Trial Court erred in admitting evidence of prior bad act. Trial Court allowed

9

Solicitor to introduce evidence of prior bad acts of lewd act with minor under sixteen of April 7, 1997, to attack character and credibility of the petitioner in order to build case in this matter."

Petitioner was tried for sexually abusing his young daughter, "S" in 1997. S testified that during the time before Petitioner moved out of the home she shared with her mother and two sisters, Petitioner came into her room, removed his and her clothes, and "stuck his fingers and privates inside me". (PCR App. 48-51). During an in camera hearing, S's sister "K" also testified about an incident in 1997 when Petitioner was still in the home during which Petitioner entered K's room, took off K's shorts, and "stuck his fingers in my privates". (PCR App. 65-67). Petitioner ultimately entered an Alford plea in 1998 for the incident against K and received a sentence of fifteen (15) years suspended on the service of five (5) years probation. (PCR App. 70).

Following argument on admissibility by both sides, the trial court admitted the prior bad act against K, finding that they occurred within a similar time and involved similar activity on the part of Petitioner. The trial court noted that K, who is older than S, reported the abuse the day after it occurred, which caused Petitioner's removal from the home. (PCR App. 70-77).

10

As an initial matter, the petitioner presents a state law evidentiary issue and, therefore, the issue is not cognizable in federal habeas corpus. As a general rule, admissibility of evidence is a matter of state law, and only a contention that the [improper] admission of the evidence rendered the trial fundamentally unfair or violated a specific constitutional right will be considered in a federal collateral proceeding. See, e.g., Johnson v. Blackburn, 778 F.2d 1044, 1050 (5th Cir. 1985). "It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Here, Petitioner does not identify any federal constitutional right he alleges was violated and it appears that admission of this evidence did not render his trial fundamentally unfair. South Carolina appellate courts have routinely allowed admission of similar acts of molestation against other household members in cases of sexual abuse of minors. State v. McClellan, 323 S.E.2d 772 (S.C. 1984) (admitting testimony of sisters where attacks occurred in substantially the same fashion, late at night, with the quoting of Bible verses); State v. Hallman, 379 S.E.2d 115 (S.C. 1989) (foster parent's abuse of several foster children admissible where the attacks were substantially similar); State v. Adams, 504 S.E.2d 124 (S.C. Ct. App. 1998) (testimony of another stepdaughter that she was molested once a

11

week for years was admissible, where defendant used his relationship to control both stepdaughters, and engaged in similar conduct as to each stepdaughter); State v. Blanton, 446 S.E.2d 438 (S.C. Ct. App. 1994). But see, State v. Wallace, 611 S.E.2d 332 (S.C. Ct. App. 2005) (bemoaning that the common scheme or plan exception has been too easily applied in CSC with a minor cases based on mere similarity of the attacks, and noting that there needs to be a connection between the two crimes).

Here, K testified to a crime for which the petitioner was convicted. The crime against S and the crime against K were accomplished in the same manner during a similar time period. The crimes were connected in that K's reporting of the incident is what forced Petitioner to leave the house and end his abuse of both girls, following which S eventually told about her abuse by the petitioner. It cannot be said that Petitioner's trial was fundamentally unfair because the state court properly applied its state evidentiary rule in this manner.

The petitioner is not entitled to habeas relief on this ground since he did not carry his burden to show the state-court adjudication resulted in a decision that was contrary to clearly established federal law as determined by the Supreme Court of the United States, or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States.

Petitioner's third ground for relief is, "Trial Court lacked subject matter jurisdiction to convict and sentence petitioner. The arrest warrant (No. G-238006) reads: 'On or about April 1997' because jury could not find that the offense occurred 'on or about April 1997' The Court allowed Solicitor to amend indictment to read 'between February and April 4, 1997' thus changing the nature and seriousness of the offense."

Here, Petitioner's arrest warrant asserted that he committed the crime for which he was found guilty "on or about April, 1997", although the facts supporting the warrant alleged that Petitioner abused S "several times throughout the month of April, 1997". (PCR App. 391). As initially written, the indictment asserted that Petitioner committed the crime against S "on or about April 1997". At trial, testimony narrowed the time that Petitioner committed the sexual abuse to between S's birthday on February 22, 1997, and April 4, 1997, when Petitioner was forced to leave the home. (PCR App. 47-49; 77-83; 99-101; 109-12). At the end of its case, the state moved to amend the indictment to correct a variance between the indictment and the proof at trial, and to assert the crime was committed between February 22, 1997, and April 4, 1997.

The state argued the amendment would not surprise the defendant because the defendant had discovery materials regarding this time period. (PCR App. 232). Defense counsel objected and

13

argued he had focused on the "very narrow window" in April prior to when Petitioner left on April 4th, and he further argued that he had not asked his client much about February and March 1997. When questioned by the trial court, defense counsel conceded that he was aware from the discovery materials provided to him that the abuse allegation encompassed the time period between February and April. The prosecutor pointed out that in her statement to police the victim said the abuse happened some time between her birthday and when her sister reported Petitioner's abuse. The trial court pressed defense counsel on how the defense was prejudiced, and discounted defense counsel's claim that the defense had focused only on the four days in April, by noting that none of counsel's cross-examination of the witnesses was so limited. (PCR App. 233-43).

The trial court granted the state's motion to amend, finding that the nature of the offense was not changed and that the defense was not surprised or prejudiced. The trial court noted that the indictment as originally written had an indeterminate time period of "on or about April 1997", which was permissible in child sex abuse cases, and that indictment plus the discovery would have put the defense on notice of a time period at issue larger than just the first four days of April. (PCR App. 243-45).

Petitioner claims the action of the trial court robbed it of subject matter jurisdiction. Questions of subject matter

jurisdiction are not cognizable in federal habeas corpus. <u>Wright v. Angelone</u>, 151 F.3d 151 (4th Cir. 1998) (citing <u>Wills v. Egeler</u>, 532 F.2d 1058, 1059 (6th Cir. 1976) (a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary")); <u>see also</u>, <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state law questions.").

Even if the court were to construe Petitioner's issue as one of lack of sufficient notice rather than subject matter jurisdiction, Petitioner cannot succeed. Counsel admitted he had been furnished the discovery materials concerning the amended dates, there was no issue of an alibi defense, and counsel conducted his cross examinations with regard to the greater time period. No constitutional violation occurred and Petitioner did not carry his burden to show the state-court adjudication resulted in a decision that was contrary to clearly established federal law as determined by the Supreme Court of the United States, or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States.

Petitioner's fourth and final ground for relief is as follows:

> Trial Court lacked subject matter jurisdiction to convict and sentence petitioner to offense not lesser-included. Petitioner originally arrested and charged with lewd act on April 7, 1997. Grand Jury returned true bill indictment on November 13, 1997 for CSC W/M 1st Degree. 030 charge was nol pros on February 26, 1998 and allowed to enter Alford plea to lewd act charge despite charge not lesser included.

Petitioner is apparently raising subject matter jurisdiction issues with regard to his conviction following his guilty plea to the incident involving his other daughter K, rather than the conviction for the abuse of S at issue in the three prior grounds for relief. This claim does not seek to attack the conviction he specifically challenged in the instant petition. Since it relates to an entirely different proceeding than the trial which Petitioner expressly challenges on page one of his federal habeas corpus action, it must proceed, if at all, in a separate petition. See Rule 2(d), Rules Governing Section 2254 Cases.

## **CONCLUSION**

It appears that the petitioner has failed in his burden to show that the state court's rejection of these claims resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision

16

that was based on an unreasonable application of the facts. 28 U.S.C. § 2254(d)(1)(2).

Accordingly, for the aforementioned reasons, it is recommended that the respondents' motion for summary judgment be granted and this matter ended.

                        Respectfully Submitted,

                        Robert S. Carr
                        United States Magistrate Judge

Charleston, South Carolina
March 15, 2006

17

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&
The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but not</u> thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

18