IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert Little, #273121, ) | C.A. No. 2:05-2065-CMC-RSC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Colie L. Rushton, Warden, MCCI, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court on Petitioner's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is currently confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Lancaster County Clerk of Court.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pre-trial proceedings and a Report and Recommendation. On March 15, 2006, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on March 31, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's Objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner makes six (6) objections to the Report and Recommendation. In his first objection, Petitioner disagrees with the Report's finding that he suffered no prejudice as a result of his attorney's failure to perfect a direct appeal. Petitioner also asserts in this objection that his attorney "failed to conduct any kind of investigation." Objections at 1, filed Mar. 31, 2006. The court agrees with the Magistrate Judge that because the PCR court allowed Petitioner to file a belated direct appeal, the ineffectiveness and prejudice found by the Post-Conviction Relief (PCR) court has been remedied. As to Petitioner's claim that counsel "failed to conduct any kind of investigation," this assertion has not previously been raised by Petitioner in his filings with this court, nor in Petitioner's belated direct appeal or in his PCR application. Therefore, to the extent this is a separate allegation of ineffectiveness, it has been procedurally defaulted and therefore cannot be considered by this court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a

habeas petition."). Therefore, Petitioner's first objection is overruled.

Petitioner's second objection asserts that the Report erred in its finding relating to the admission of the testimony of the victim's sister under *State v. Lyle*, 118 S.E. 803 (S.C. 1923). Petitioner asks this court to rule on an issue of South Carolina evidence law. State trial court rulings on the admissibility of evidence are cognizable in federal habeas corpus review only to the extent that they violate specific constitutional provisions or are so egregious as to render the entire trial fundamentally unfair, thereby violating the due process clause of the Fourteenth Amendment. *Howard v. Moore*, 131 F.3d 399 (4th Cir. 1997). *See also Burket v. Angelone*, 208 F.3d 179, 186 (4th Cir. 2000) ("In federal habeas actions, we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding."). Petitioner's second objection is merely reargument of Petitioner's contention in his Petition, and provides no legally relevant argument indicating how the Report erred in its findings. Petitioner's third objection is repetitive of his second objection. Petitioner's fourth objection contends, in attempting to identify those constitutional provisions which were violated by the trial court's admission of the testimony of the victim's sister, that his Sixth Amendment right to a fair trial and his Fourteenth Amendment Due Process right were violated. These objections are overruled.

Petitioner's fifth and sixth objections relate to the subject matter jurisdiction of the state court. These objections are reargument of his contention contained in his Petition, and they are overruled.

Petitioner offers no argument as to how the state courts' decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States" or resulted in decisions that were 'unreasonable determination[s] of the facts in light of the evidence presented in the State court proceeding[s]." 28 U.S.C. § 2254(d)(1) and (2). Petitioner's objections are largely conclusory in nature and, without more, do not defeat summary judgment.

Therefore, IT IS ORDERED that Respondent's motion for summary judgment is **granted** and this Petition is dismissed with prejudice.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 20, 2006

C:\temp\notesE1EF34\05-2065 Little v. Rushton e adopt rr gr sumjgm.wpd